IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA RENE GILLESPIE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:17-CV-2826-C-BT | |
| § | | |
| TEX. DEPT. OF FAMILY AND § | | |
| PROTECTIVE SERVICES, ET AL., § | | |
| Defendants. § | | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed this complaint under 42 U.S.C. §§ 1983 and 1988. She is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Defendants are: (1) the Texas Department of Family and Protective Services; (2) Texas Department of Family and Protective Services employees Morgan Shields, Tanya Gaines, and Jay Borton; (3) Hunt County attorney Holly Gay Peterson; (4) Hunt County guardian ad litem Leah A. Curtis; (5) CASA representative Shiloh Whitaker; (6) Plaintiff's court appointed attorneys David Lee Renshaw and Timothy S. Linden; and (7) Hunt County, Texas. The Court has not issued process pending judicial screening.

1

Plaintiff challenges the placement of her children in foster care, the termination of her parental rights, and the adoption of her children. She claims Defendants violated her rights when they did not place her children with her or a family member and when her parental rights were terminated. She alleges her signature was fraudulently placed on documents, and that Defendants harassed and defamed her, racially discriminated against her, invaded her privacy and abused the court process. She also claims her defense attorneys David Lee Renshaw and Timothy S. Linden coerced her into pleading guilty to criminal charges and misrepresented her punishment range. She seeks money damages and an order restoring her parental rights and setting aside the adoption of her children.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

1. ***Heck v. Humphrey***

To the extent Plaintiff challenges her criminal conviction, her claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a defendant cannot bring a § 1983 action challenging her conviction or confinement unless and until the reason for her detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Here, Plaintiff has not alleged that her criminal conviction has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.    *Rooker-Feldman***

Under the *Rooker-Feldman* doctrine,[1] the Court lacks subject-matter jurisdiction to consider Plaintiff's claims that the state courts' decisions to terminate her parental rights, place her children in foster care, and grant the adoption of her children violated her civil rights. Under *Rooker-Feldman*, federal courts do not have subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Unsuccessful state court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).

Here, although Plaintiff alleges Defendants violated her civil rights, she is actually challenging the state court judgments terminating her parental rights, and approving the adoption of her children. A federal review of these previously litigated claims would be an impermissible collateral attack on the state court judgments. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that *Rooker -Feldman* prohibits collateral attack on state court judgments, and

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts."). Plaintiff's complaint should therefore be dismissed.

IV.

The Court recommends that: (1) Plaintiff's claims challenging her conviction be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be dismissed for lack of subject matter jurisdiction.

Signed February 14, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).